UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NARINDER SINGH,

       Plaintiff,

v.

MICK DEDVUKAJ, Detroit District Director of the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,

       Defendants.

Case No. 09-13252
Honorable Julian Abele Cook, Jr.

## ORDER

This is a case in which the Plaintiff, Narinder Singh, contends that the decision by the Defendants[1] to deny his application to adjust his immigration status was (1) arbitrary and capricious, (2) not supported by any statute or regulation, and (3) constitutes an unlawful failure to exercise discretion.

On October 19, 2009, the Defendants filed a motion to dismiss because in their collective opinion the Court does not have subject matter jurisdiction to resolve Singh's application. At the conclusion of the hearing that had been conducted by the Court to evaluate the Defendants' dispositive motion, the parties were directed to file supplemental briefs regarding certain defined

---

[1]The persons who have been named as Defendants in this lawsuit are Mick Dedvukaj, Detroit District Director of the United States Citizenship and Immigration Services; Alejandro Mayorkas, Director of the United States Citizenship and Immigration Services; and Janet Napolitano, Secretary of the Department of Homeland Security.

1

issues in controversy.

I.

The Plaintiff, Narinder Singh, a forty year old citizen of India who is currently a resident of the State of Michigan, entered the United States without inspection on or about February 17, 1996.

The Defendant, Mick Dedvukaj, is the District Director of the Detroit Field Office of the United States Citizenship and Immigration Services ("USCIS"). The Defendant, Alejandro Mayorkas, is the Director of the USCIS. The third and last Defendant, Janet Napolitano, is the Secretary for the Department of Homeland Security. All three of these individuals have been sued in their official capacities.

Upon entering the United States, the Plaintiff submitted an application for asylum, which was approved by an immigration judge on December 11, 1997. Approximately three years later, he filed an application for an adjustment of his status with the USCIS, seeking to obtain a permanent resident status. On May 5, 2001, the Plaintiff was arrested and charged with three separate crimes.[2] On June 18, 2002, he entered a plea of no contest to a charge of assault and battery.[3] The remaining charges were dismissed.

The Plaintiff's wife, who was admitted into the United States as a derivative asylee on March 15, 2004, is now a lawful permanent resident. In December of the same year, the Plaintiff and his wife became the parents of a son.

---

[2] The Plaintiff was charged with (1) second degree criminal sexual conduct, (2) assault with an intent to commit criminal sexual conduct involving sexual penetration, and (3) assault and battery.

[3] Although the Plaintiff states in his complaint that he pled guilty to the assault and battery charge, *see* Compl. ¶ 13, the judgment of the sentence from the 22nd Judicial Court of Michigan reflects a nolo contendere plea.

2

In June 2005, the USCIS requested additional evidence from the Plaintiff to support his application for an adjustment of his status. When the USCIS interviewed him on January 18, 2007 regarding his application, the Plaintiff was asked by the interviewing officer to submit an application for waiver of grounds of excludability (Form I-602) because he had entered the United States without inspection. In March 2009, the USCIS sought additional information from the Plaintiff regarding his (1) arrest and conviction in 2002 and (2) travel in and outside of the United States since his entry into this country in 1996. Although the Plaintiff responded to these requests, his application was denied on April 17, 2009 because, in the opinion of the USCIS, he had failed to provide all of the requested information. This rejection was followed by the Plaintiff's motion to reopen this case and to reconsider the denial of his application. However, this effort was unsuccessful when the USCIS denied his motion on June 29th. In a written decision, the USCIS summarized its reasons for denial as follows:

> The adverse factors contained in the record are your unlawful entry into the United States, your reported conduct on May 2, 2001 [the night of the Plaintiff's arrest], your arrest by law enforcement officials in the United States, and your conviction for a violation of a State law in the United States. The equities contained in the record are your approved Form I-589, Application for Asylum and for Withholding of Deportation, your lawful presence in the United States for approximately eleven years, and your relations to Kirandeep Kaur, your lawful permanent resident spouse, and Kushan Singh Mangat, your United States citizen child. Upon review, it is determined that the equities contained in the record are not sufficient to counterbalance the existing adverse factors.

This lawsuit followed.

II.

The Defendants, in contending that the Court does not have jurisdiction to evaluate the merits, if any, of the issues in this case, seek the dismissal of this civil action pursuant to Fed. R. Civ. P. 12(b)(1). Whenever the subject matter jurisdiction of a federal court is raised, the burden is

upon the plaintiff to counter this challenge. *Nichols v. Muskingum College*, 318 F.3d 574, 677 (6th Cir. 2003) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). Whenever a defendant levels a facial attack on the complaint for lack of jurisdiction, the court must accept all of the allegations within the complaint as true. *Id*. On the other hand, when the proponent's motion to dismiss attacks the factual basis of jurisdiction, "the district court [is] empowered to weigh the evidence and no presumptions apply as to the truthfulness of the [plaintiff]'s allegations." *United States v. A.D. Roe Co.*, 186 F.3d 717, 719 (6th Cir. 1999) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).

III.

In this action, the Plaintiff seeks to obtain a review of the denial of his application for adjustment of status by the USCIS pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 500, et seq. Pursuant to this Act of Congress,

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be--
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law;
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [5 U.S.C. §§ 556 and 557] or otherwise reviewed on the record of an agency hearing provided by statute; or
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2).

The Plaintiff also notes that the APA provides that "[a] person suffering legal wrong because

4

of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, Section 701 of the same Act states that its provisions are applicable "except to the extent that . . . (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." *Id.* at § 701(a).

A review of the record in this action indicates that the Plaintiff filed his application for an adjustment of status pursuant to Title 8, United States Code, Section 1159(b), which reads, in pertinent part, as follows:

> The Secretary of Homeland Security or the Attorney General, *in the Secretary's or the Attorney General's discretion* and under such regulations as the Secretary or the Attorney General may prescribe, may adjust to the status of an alien lawfully admitted for permanent residence the status of any alien granted asylum who--
>
> (1) applies for such adjustment,
> (2) has been physically present in the United States for at least one year after being granted asylum,
> (3) continues to be a refugee within the meaning of section 101(a)(42)(A) or a spouse or child of such a refugee,
> (4) is not firmly resettled in any foreign country, and
> (5) is admissible (except as otherwise provided under subsection (c)) as an immigrant under this Act at the time of examination for adjustment of such alien.

(emphasis added).

In addition, it should be noted that subsection (c) of this statute authorizes the Secretary of Homeland Security or the Attorney General to waive, *inter alia*, the admissibility requirement "for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest." 8 U.S.C. § 1159(c).

Based on the clear language of the above-referenced statute, any decision by the Attorney General or the Secretary of Homeland Security (or, as in this case, USCIS as a delegate), may be

done at the agency's discretion. *See Alaka v. Attorney General of the United States*, 456 F.3d 88, 97 n. 17 (3d. Cir. 2006) (listing § 1159(b) as one of the provisions wherein Congress granted discretion to the Attorney General or the Secretary of Homeland Security); *accord Robleto-Pastora v. Holder*, 567 F.3d 437, 449 (9th Cir. 2009).

In their motion, each of the Defendants contend that inasmuch as the decision on an application for an adjustment of status under 8 U.S.C. § 1159(b) is discretionary, the Plaintiff's application is insulated from judicial review. Specifically, they cite 8 U.S.C. § 1252(a)(2)(B)(ii), which contains the following language, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review--
> any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 U.S.C. § 1151, et seq.] to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]

The language within this statute is clear and unambiguous when it states that discretionary decisions by the appropriate governmental agency are not subject to judicial review. Moreover, the Sixth Circuit Court of Appeals has held that these discretionary decisions do not necessarily have to be within the context of removal proceedings to be insulated from court intervention. *CDI Information Servs., Inc. v. Reno*, 278 F.3d 616, 618-19 (6th Cir. 2002). The Plaintiff, while acknowledging the clarity of this statute, contends that the USCIS committed certain legal errors which, in turn, empower the Court to intervene in this case and to correct an injustice.

Contrary to the Plaintiff's arguments, the Court believes that it does not have jurisdiction to hear his claims for several reasons. First, the Plaintiff has failed to exhaust his administrative remedies. "As a matter of jurisdiction, courts may not review the administrative decisions of the

[Immigration and Naturalization Service[4]] unless the appellant has first exhausted 'all administrative remedies.'" *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000) (citing 8 U.S.C. § 1252(d)). In *Cardoso*, the plaintiff had been granted an immigrant visa because she was the child of a lawful permanent resident. 216 F.3d at 514. She had sought to obtain a permanent residency and, in so doing, applied for an adjustment of her status which was denied by the Immigration and Naturalization Service. *Id.* Although the agency had not yet initiated any removal proceedings against her, she filed a lawsuit which was designed to thwart any effort by the Government to initiate deportation proceedings. *Id.* The Fifth Circuit opined that while the plaintiff could not directly appeal the denial of her application for adjustment of status, she could renew her request if the agency ever commenced removal proceedings against her. *Id.* at 518. Thereafter, the Court concluded that it was without jurisdiction because the plaintiff had failed to exhaust her administrative remedies. *Id.* Other courts within and outside of this circuit have reached similar decisions. *See Wang v. USCIS*, 2007 U.S. Dist. LEXIS 81426 at *9 (E.D. Mich. Nov. 1, 2007) (rejecting "direct district court review of the USCIS's denial of [the plaintiff's] application of an adjustment to permanent resident status"); *Pan v. USCIS*, 2009 U.S. Dist. LEXIS 10350 at *17 (E.D. Mich. Feb. 11, 2009) ("Plaintiff may not obtain judicial review of the denial of her application to adjust status outside of the removal process."); *McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000) (lawsuit premature because the plaintiffs "could obtain review of the [agency's] decision by the Board of Immigration Appeals if and when the immigration service institutes removal (i.e., deportation) proceedings against them."); *Randall v. Meese*, 854 F.2d 472, 481 (D.C. Circuit 1988)

---

[4] This agency now charged with the administering immigrant petitions which are similar to the Plaintiff's pending application with the USCIS.

(alien denied an adjustment of status application is entitled to renew his request in deportation proceedings, and in circuit court review thereof).

The Plaintiff's legal status is substantively the same as the petitioners in those cases which have been cited above. Here, the Plaintiff has failed to exhaust his administrative remedies because he is able to renew his application if and when the agency attempts to deport him. Thereafter, he will then be able to appeal any adverse decision of the agency to the Sixth Circuit and, in so doing, raise those issues which support his belief that the federal court has jurisdiction to review errors of law.

Notwithstanding, the Plaintiff asserts that, because of his status as an asylee which cannot be removed, he has no avenue upon which to pursue a review of the adverse action by the agency. However, this contention is belied by the plain language of Part 209.2 of the Code of Federal Regulations ("Adjustment of status of alien granted asylum") which states, in pertinent part:

> (f) Decision. The applicant shall be notified of the decision, and if the application is denied, of the reasons for denial. No appeal shall lie from the denial of an application by the director but *such denial will be without prejudice to the alien's right to renew the application in proceedings under part 240 of this chapter*.

8 C.F.R. § 209.2(f) (emphasis added). Part 240 of the Code of Federal Regulations is entitled "Proceedings to Determine Removability of Aliens in the United States." *See generally* 8 C.F.R. § 240. Thus, the removability of an alien granted asylum is expressly contemplated in the applicable federal regulations.

However, and even if the Plaintiff had exhausted his administrative remedies, this Court is not the appropriate judicial forum in which to bring his claims. The Plaintiff submits that the Court has jurisdiction to review legal errors and non-discretionary determinations. Indeed, the Sixth Circuit Court has held that it "may review the non-discretionary decisions which underlie

8

determinations that are ultimately discretionary." *Billeke-Tolosa v. Ashcroft*, 385 F.3d 708, 711 (6th Cir. 2004) (citing *Valenzuela-Alcantar v. INS*, 309 F.3d 946, 949 (6th Cir. 2002)). The Plaintiff also cites case law authority from outside of this circuit for the proposition that a judicial review of discretionary decisions is appropriate when there is some legal, non-discretionary question for the court to address. *See, e.g. Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008) ("failure to exercise discretion or to consider factors acknowledged to be material to such an exercise - such as the wholesale failure to consider evidence - would be an error of law" subject to judicial review); *Samuels v. Chertoff*, 550 F.3d 252, 262 (2d Cir. 2008) (Board of Immigration Appeals incorrectly applied the legal standard for determining whether an applicant should be granted a discretionary waiver of inadmissibility and did not properly consider the applicant's positive factors).

These cases illustrate that Section 1252(a)(2)(B)(ii) strips the federal courts of jurisdiction to review discretionary decisions of the Attorney General, the Secretary of Homeland Security, or their delegates, "notwithstanding *any other provision of law (statutory or nonstatutory)* . . . ." (emphasis added).[5] However, Congress, through § 1252(a)(2)(D),[6] restored jurisdiction in the federal courts for the limited and narrow purpose of resolving questions of law. *See Serrato-Soto v. Holder*, 570 F.3d 686, 688 (6th Cir. 2009) (citing 8 U.S.C. § 1252(a)(2)(D)). Indeed, the circuit courts in the cases that have been relied upon by the Plaintiff based their authority to review such

---

[5]Contrary to the Plaintiff's position, the Administrative Procedures Act does not grant jurisdiction where - as is the case here - "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

[6] This statutory provision states that nothing in "any other provision of this Act [8 U.S.C. § 1151, et seq.] . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D).

9

errors on § 1252(a)(2)(D). *See Iglesias*, 540 F.3d at 531 (holding that § 1252(a)(2)(D) allowed for its review of constitutional claims or questions of law); *Samuels*, 550 F.3d at 262 (court has jurisdiction to determine whether agency used wrong standard).[7]

Nevertheless, Section 1252 also states that a "review of constitutional claims or questions of law raised upon a petition for review [are to be] filed with an appropriate *court of appeals* in accordance with this section." 8 U.S.C. § 1252(a)(2)(D) (emphasis added). Thus, jurisdiction to hear the Plaintiff's alleged legal arguments in this case lies with the Sixth Circuit Court of Appeals. *Accord Camaj v. Leutbecker*, 2009 U.S. Dist. LEXIS 112327 at *8 (E.D. Mich. Dec. 3, 2009) ("the unambiguous language of § 1252(a)(2)(D) vests jurisdiction of constitutional claims exclusively in the United States Court of Appeals[.]")

To support his argument that this Court can adjudicate his claims, the Plaintiff cites *Chen v. Napolitano*, where the district court held that it had jurisdiction to consider the plaintiff's claims in which the agency's denial of his adjustment of status application contained questions of law. 651 F. Supp. 2d 63, 70 (S.D.N.Y. 2009). However, the Defendants correctly note that the cases which were relied upon by *Chen* based their authority to review legal issues on Section 1252(a)(2)(D). *See, e.g., Barco-Sandoval v. Gonzales*, 516 F.3d 35, 41 (2nd Cir. 2008) (citing § 1252(a)(2)(D) as the provision that restores jurisdiction to review constitutional claims or questions of law); *Camara v. DHS*, 497 F.3d 121, 124 (2nd Cir. 2007) (same). Notwithstanding, the *Chen* court failed to address or even cite § 1252(a)(2)(D). Moreover, the Court does not believe that this case is persuasive and

---

[7] The *Samuels* Court cited *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315 (2d Cir. 2006) for this proposition. The *Xiao Ji Chen* Court based its determination that courts have jurisdiction to review legal errors on Section 1252(a)(2)(D). *See Xiao Ji Chen*, 471 F.3d at 329 (jurisdiction to review constitutional claims or questions of law restored by 8 U.S.C. § 1252(a)(2)(D)).

declines the Plaintiff's invitation to follow it.

IV.

Accordingly and for the reasons that have been set forth above, the Court must, and does, grant the Defendants' motion to dismiss for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: May 24, 2010                         s/Julian Abele Cook, Jr.
      Detroit, Michigan                      JULIAN ABELE COOK, JR.
                                                      United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 24, 2010.

                                                                                   s/ Kay Doaks
                                                                                   Case Manager